FILED
February 19, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002429262

3

Carl W. Collins (State Bar No. 109282)
Attorney at Law
1127-12th Street, Suite 202
P.O. Box 3291
Modesto, California 95353
(209) 521-8100
(209) 524-8461 facsimile

Attorney for Trustee
Stephen C. Ferlmann

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| In re:<br>George Luis Landeros and<br>Sylvia Duenas Landeros,<br>2779 Annette Court<br>Tracy, CA 95304<br>s.s.  xxx-xx-4933<br>      xxx-xx-0580<br>Debtors. | Case No. 08-38758<br>Chapter 7 case<br>DC No. CWC-2<br><br>Date: March 16, 2010<br>Time: 9:32 a.m.<br>Place: Courtroom 32 |

**MOTION FOR AUTHORITY TO SELL NON-EXEMPT**

**EQUITY IN PERSONAL PROPERTY TO DEBTORS**

To: The Honorable Thomas C. Holman, U.S. Bankruptcy Judge:

The Chapter 7 Trustee, Stephen C. Ferlmann, pursuant to 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court for authorization to sell to the Debtors' the non-exempt equity in certain personal property in exchange for a payment of $4,000.00, and respectfully represents:

1. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157(a).

2. The Debtors filed a voluntary Chapter 7 petition on December 18, 2008. Stephen C. Ferlmann has been appointed Trustee in the case.

1

3. Among the assets of the Chapter 7 bankruptcy estate is the Debtors' interest in the following equipment (the "Property"):

    a. 553 Bobcat disclosed in the Debtors' Bankruptcy Schedule B with a value of $4,000. The Trustee is informed and believes that the Bobcat has a fair market value of approximately $8,000 . . . . . $8,000

    b. 2 concrete mixers used in the Debtors' business which were not disclosed in the Debtors' bankruptcy schedules. The Trustee is informed and believes that these mixers have a fair market value of approximately $1,900 . . . . . $1,900

                                    Total    <u>$9,900</u>

4. The Trustee is informed and believes that said Property is unencumbered and that the Debtors have possession of any applicable titles thereto. The Debtors' Bankruptcy Schedule D reflects no lien or security interest claimed by any secured creditor in the Property.

5. The Debtors have asserted an exemption in the 553 Bobcat pursuant to California Code of Civil Procedure §§ 704.010 and (b)(5) in the amount of $4,000.00.

6. Based upon his experience in liquidating similar assets of bankruptcy estates at public auction and after payment of an auctioneers commission and application of the Debtors' claimed exemptions, the bankruptcy estate would net approximately $4,415.00 from a public auction sale of the Property.

7. The Debtors wish to retain the above-described Property and desire to purchase the non-exempt equity in such Property from the bankruptcy estate.

8. Accordingly, the Trustee and the Debtors have entered into an Equity Sale Agreement (the "Agreement") which provides

that the Debtors shall pay the bankruptcy estate the total cash sum of $4,000.00 (the "Purchase Amount") for the non-exempt equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. The Agreement further provides that the Purchase Amount shall be non-exempt property of the Debtors' bankruptcy estate. Upon payment of the Purchase Amount, the Debtors shall be entitled to retain the Property and the Property shall cease being property of the bankruptcy estate.

9. 11 U.S.C. § 363(b)(1) authorizes a trustee, after notice and hearing, to sell property of the estate other than in the ordinary course of business.

10. Trustee believes that the sale of the non-exempt equity in the Property to the Debtors is in the best interests of the estate and should be approved by the Court. The proposed equity sale is an equitable and expeditious manner of liquidating the Property by which the bankruptcy estate will eliminate the risks, costs and delays of liquidating such assets by way of public auction.

WHEREFORE, Trustee respectfully requests that the Court approve the Agreement, and authorize the Trustee to enter into the proposed sale of the non-exempt equity in the Property to the Debtors.

Dated: 2-18-10

Law Office of Carl W. Collins

_____
Carl W. Collins
Attorney for Trustee

MOTION FOR AUTHORITY TO SELL NON-EXEMPT
EQUITY IN PERSONAL PROPERTY TO DEBTORS            3